BELLE SHEPARD, Plaintiff in Error, *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Defendant in Error.

### April 24, 1877.

1. Where a widow has instituted suit for damages for the killing of her husband, within the time allowed by statute, but has suffered nonsuit, she may begin anew, although more than six months have elapsed since the killing.

2. Where the evidence of contributory negligence, in an action for damages, is insufficient to authorize the court in taking the case from the jury, and the jury have made a finding upon the facts, the appellate courts will not weigh the evidence.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

*A. R. Taylor*, for plaintiff in error, cited: Wag. Stat. 520, secs. 2, 4, 6.

*Thoroughman & Warren*, for defendant in error, cited: Cooms *v.* Moore, 31 Mo. 574; Alups *v.* Ross, 24 Mo. 284.

HAYDEN, J., delivered the opinion of the court.

This is an action brought under the statute, by the plaintiff, as the widow of Calvin Shepard, to recover damages for his death, which is alleged to have been caused by

the negligence of the defendant.   The petition alleges that the deceased was in May, 1874, employed by defendant as a brakeman on a train of cars ; that while in the discharge of his duties as such, and while passing along the outside of a certain car used by defendant upon its railroad, the deceased was brought in contact with a bridge of defendant on its road, known as Wolf Creek Bridge ; that the car was so negligently constructed that the deceased was compelled, while in the discharge of his duties, to pass along on its outside, and that there was not sufficient space for him to so pass on the outside and be secure from the superstructure of the bridge ; that the bridge was built so close to the track and to the space allowed for defendant's cars to pass as to be dangerous to persons riding upon the cars, and especially to the employees while on the trains ; that, by reason of the defective structure of the cars and of the bridge, the deceased, while on defendant's road and train of cars, was violently struck against the superstructure of the bridge and thereby killed.   The petition further alleged that the plaintiff, the widow, brought a suit upon the same cause of action against the defendant on July 30, 1874, and on December 8th, of the same year suffered a nonsuit.   The answer is a general denial.

The evidence tended to show that, a short time before the passenger train on which the deceased was employed as a brakeman reached the station at DeLassus on defendant's road, he, with other employees, was in the United States mail-car, washing himself in order to prepare for supper, which was to be taken at the station ; that he stepped out of the mail-car to return to his post, and that in order to return he was forced to pass along a way provided on the outside of the car ; that in passing thus he struck against the bridge and was knocked off and killed.   He was found, immediately after, in the water under the bridge, with one side of his head crushed and his arm and neck broken. There were no doors at the ends of the car, but a railing

outside, along which was the only passage. One compartment of the car was used for mail purposes by a mail-agent, another for baggage by the defendant. The testimony tended to show that defendant put and kept a wash-bowl and water in the car where the deceased had been washing, and that the employees went to the place to wash themselves just before arriving at the stations where they ate; that the deceased had been employed that day "braking" between the mail and express-car, the express-car being next to the locomotive, and the mail-car next to the express-car, and that he came into the mail-car to wash his face and hands, this being the only place provided on the train for such washing. There was evidence which tended to show that the space between the outside of the car and the projection of the bridge was so small that a man on the outside railing could not well pass; that, as was afterwards ascertained, there were only about seventeen inches of space for a man to pass around in. The accident happened during daylight and while the train was running at the ordinary speed. It appeared that on July 30, 1874, plaintiff had brought a suit on the present cause of action, and, failing to appear, had been nonsuited; that the deceased left a minor child, who was surviving when this suit was brought. The defendant demurred to the evidence, and the demurrer was sustained. The case is here by writ of error.

The first point made is that, as the death took place on May 22, 1874, and as this suit was not brought until May 12, 1875, the six months given by the statute to the widow in which to bring suit, where there is a minor child, had elapsed, and so the suit is barred. The plaintiff in error contends that the suit is well brought, because the widow did not fail to sue within the six months next after the death; that she did sue, and, though she was nonsuited, her right of action exists during the twelve months. The statute provides that "the sum of five thousand dollars * * * may be sued for and recovered: *first*, by the

husband or wife of the deceased; or, *second*, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased," etc. Wag. Stat. 519, sec. 2. It is contended, on one part, that this statute is in derogation of the common law, and should be strictly construed; on the other, that it is remedial, and should receive a liberal interpretation. But, if the intention of the Legislature can be ascertained from the language, it is not necessary to resort to formal rules of construction. It is first to be observed that the clause " or he or she fails to sue within six months " is used as the corresponding clause to " if there be no husband or wife." This seems to warrant the inference that the Legislature intended to give the right to the minor child only in the event that the widow does not wish to assert her right; and her failure to assert her right within six months is taken as conclusive evidence that she does not wish to assert it. But if she does assert it by suing, does not this, both within the words and the essential meaning of the statute, indicate her intent to claim her full privilege under the statute, and so negative the presumption? If the husband or wife fails to sue within six months, it is as if there were no husband or wife; but if the wife sues, her involuntary failure to recover cannot have the legal effect of effacing her existence *quoad hoc*. The statute creates a preference. This preference may be wholly forfeited. But this can only happen by laches by failure to pursue the remedy given. If, then, the widow does pursue the remedy, though ineffectually, her right vests, and she has the full statutory time. She has not failed " to sue within six months after such death." She has not abandoned the right to the minor child.

It is contended on the part of the defendant in error that the evidence was insufficient in point of law to support a verdict; in other words, that there was, in legal contemplation, no evidence tending to prove the plaintiff's case,

and that the court below acted properly in taking the case from the jury. The defendant in error claims that it appeared that at the time of the accident the deceased was not in the discharge of his duty; that his passing into the mail-car was purely voluntary, and that his presence there was in violation of a printed notice posted in the mail-car; that he had passed through the same bridge daily for months, and should have known of the danger. The defendant in error might fairly have argued these matters to the jury, but the tendency of portions of the evidence, the more material parts of which have been outlined above, was such as not to warrant the court in taking the case from the jury, for the reasons now given. There was testimony tending to show that the employees were in the habit of going to the mail-car to wash, and it does not appear that any objection was ever made. The notice proved was a notice of the United States Post-office authorities, not of the defendant, and the mail-agent appears not to have enforced it. It was further in evidence that the defendant placed the appliances for washing in the mail-car. The evidence as to contributive negligence was not such as to justify the court in taking the case from the jury.

The judgment of the court below is reversed and the cause remanded. All the judges concur.