McNamara *et al.*, *Plaintiffs in Error*, v. Slavens.

**Injuries Resulting in Death:** ACTION UNDER STATUTE: " FAILS TO SUE." Under the statute, (R. S., §§ 2121, 2122, 2123,) the action for injuries resulting in death may be brought, 1st, " By the husband or wife of the deceased; or, 2nd, If there be no husband or wife, or if he or she fails to sue within six months after such death, then by the minor child or children of the deceased." M. being killed through the alleged negligence of the defendant, his widow brought an action against defendant, which action she voluntarily dismissed. The minor children after the expiration of six months from the death of their father commenced another action. *Held*, this action would not lie, as the wife had not " failed to sue " within the statute.

*Error to Jackson Special Law and Equity Court.*—Hon. R. E. Cowan, Judge.

AFFIRMED.

*Amos H. Kagy* for plaintiffs in error.

By dismissing her action, the widow and all others were placed in the same condition that they would have been had no action been brought. *Shepard v. St. Louis, Iron Mountain & Southern R'y Co.*, 3 Mo. App. 550, is not an authority in this case. There the case was dismissed because the plaintiff failed to appear and prosecute. She went out of court involuntarily, while in the case at bar the plaintiff went out of court of her own motion. There the wife saw fit to pursue her remedy to its final termination, while here she saw fit to abandon it to her children.

*L. C. Slavens* for defendant in error, cited *Shepard v. St. Louis, Iron Mountain & Southern R'y Co.*, 3 Mo. App. 550.

. Henry, J.—This is a suit by which plaintiffs seek to recover $5,000 under sections 2121, 2122 and 2123 of the Revised Statutes, for the death of their father, occasioned,

it is alleged, by the negligence of the defendant, of whom he was an employe.

Within six months after their father's death, their mother, his widow, instituted her suit in the special law and equity court of Jackson county, based upon said sections, upon the same cause of action, and on a trial thereof, after the evidence was closed on both sides, she dismissed said suit, and has since commenced no other suit to recover on said cause of action. In the case at bar, at the close of plaintiffs' testimony, defendant asked an instruction in the nature of a demurrer to the evidence, which was given by the court, and from the judgment thereon this appeal was taken.

Section 2121 provides, after giving the right of action for the death of a passenger on a train of cars, or steamboat, etc., that: "The corporation, individual or individuals, shall forfeit and pay for every person or passenger so dying, the sum of $5,000, which may be sued and recovered. 1st, By the husband or wife of the deceased ; or, 2nd, If there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased." Section 2122 provides that: "Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages notwithstanding the death of the person injured." Section 2123 provides that: "All damages accruing under the last preceding section shall be sued for and recovered by the same parties, and in the same manner and as provided in section 2121, except that the jury may award as damages a less amount than $5,000."

Neither the husband, nor wife, nor children, had at common law, an action for the death of the husband, or

wife, or parent, under the circumstances mentioned in sections 2121 and 2122. It is a cause of action created by the statute, and no one can sue unless he bring himself within its terms. It is not a joint right of action in the husband or wife and the children. The statute gives the surviving husband or wife six months within which to elect to appropriate the cause of action, the election to be made by the institution of a suit. If the surviving husband or wife sue within six months, that is an exercise of the option given by the statute. He or she then has as absolute control of the cause of action as of any common law right of action he or she may have, and may compromise, release or otherwise settle the matter in controversy with the defendant. By dismissing her suit the widow did not lose her right of action, nor did such dismissal operate to transfer it to the children, but at any time within the six months she might have instituted another suit.

Nothing in the foregoing sections warrants any other construction. By the commencement of the suit by the mother, within six months after the death of the father, the right of the children to sue was forever taken away. Section 2121 does not authorize the children to sue if the father or mother fail to sue and recover. It declares that the forfeiture may be sued for and recovered by the children if the father or mother fail to sue within six months. Their right to maintain the action depends upon the failure of the father or mother to sue, not upon his or her failure to sue and recover. If he or she should sue and the verdict and judgment should be adverse to the plaintiff, it will not be contended that the children could then maintain an action.

The evident meaning of the section is that one of the two classes of persons named, shall have the right of action, and if the first named sue within the time prescribed, that is an absolute appropriation of the right by that party, and becomes a vested right, subsisting for the period prescribed as a limitation to the action. This seems to have

been the view taken of that section by the St. Louis court of appeals, in *Shepard v. St. Louis, Iron Mountain & Southern R'y Co.*, 3 Mo. App. 550. All concurring, the judgment is affirmed.