PACKARD et al., by next Friend, Appellants, v. HANNIBAL AND ST. JOSEPH RAILROAD COMPANY.

Division Two, May 10, 1904.

1. **DEATH OF FATHER: Right of Action.** The right of action given by the statute to sue for the death of the father is a single, indivisible right to sue all the guilty parties. For the first six months it is absolute in the widow, and if she appropriates the right within that time, it can never vest in the minor children.

2. ———: ———: **Suing Wrong Company.** The killing of the husband is but one cause of action, and where the widow within six months sues one company under the impression that it was the sole wrongdoer, her minor children after the expiration of six months can not maintain a suit against another company on the theory that their mother had brought her suit against the wrong party. The widow by beginning her suit within six months appropriated the cause of action to herself, and thereby forever took away from the children the right to sue.

3. ———: ——— **Renewal After Nonsuit.** Where the widow has brought a suit for the death of her husband within six months after his death, she can, if she has suffered nonsuit, or dismissed the suit, within one year after his death, renew the suit against the same party or bring it against another wrongdoer, or both.

Appeal from Jackson Circuit Court.—*Hon. J. H. Slover*, Judge.

AFFIRMED.

*I. J. Ringolsky* and *J. A. Harzfeld* for appellants.

(1) Under the terms of the statute, if the widow sues within six months, there being minor children, the one designated and made liable by the statute, she thereby appropriates the cause of action created by the statute, and the minor children are thereafter barred and estopped from suing upon or appropriating the same cause of action, and it is within the power of the widow to settle, compromise or dismiss her suit and the minor children should not complain of their mother's conduct. (2) But, if within the time specified in the law creating the right, the widow does not appropriate the cause of action created by the statute, by suing, within the time specified in the statute, the person or corporation made liable by the terms of the statute—but on the contrary sues a person or corporation, neither liable, individually or jointly, with the one designated and made liable by the statute, then the minor children, after the expiration of six months, are given the right by the statute to appropriate the cause of action created by the statute, and can sue such other party, who is made liable by the statute. (3) In the creation of a new right of recovery or "cause of action," it is as essential to designate against whom the right can be enforced, as it is to designate for whom the right or cause of action is created. Therefore, the designating and naming of the persons from whom a penalty can be recovered, is as material a part of the cause of action as the designating and naming the persons for whom the right is created and by whom the same can be recovered. If this be true, and the widow, within the six months mentioned in the statute, brings suit against one not made liable by the statute for the penalty, and there exists one who is liable for the penalty, and the widow within the six months mentioned in the statute did not sue the one who is made liable by the statute, it must necessarily follow that the widow has not appropriated

the "cause of action" created by and described in the statute, and that after the expiration of six months from the date of the death of the father, the minor children can appropriate the "cause of action," the right given by the terms of the statute, by suing the corporation mentioned and made liable by the terms of the statute. A "cause of action" is defined as "a right to bring an action, which implies that there is some person in existence who can assert, and a person who can lawfully be sued." Douglass v. Beasley, 40 Ala. 148; Parker v. Enslow, 102 Ill. 272. "It is composed of the right of the plaintiff and the obligation, duty or wrong of the defendant; these combined, it is sufficiently accurate to say, constitute the cause of action." Veeder v. Baker, 83 N. Y. 160; 3 Am. & Eng. Ency. of Law 46.

*O. M. Spencer* and *Warner, Dean, McLeod & Holden* for respondent; *Geo. S. Grover, amicus curiae.*

(1) The right of action given by section 2864, Revised Statutes 1899, is a single indivisible right to sue all the guilty parties. It vests in the widow or the minor children under the limitations fixed by the statute and can not exist concurrently in the widow and the children. The limitations imposed by the statute are subject to a strict construction. Coover v. Moore, 31 Mo. 574; Kennedy v. Burrier, 36 Mo. 128; McNamara v. Slavens, 76 Mo. 330; Shepard v. Railroad, 3 Mo. App. 550; Barker v. Railroad, 91 Mo. 86; Railroad v. Needham, 8 C. C. A. 52 Fed. 374; Dulaney v. Railroad, 21 Mo. App. 597; Reichla v. Gruensfelder, 52 Mo. App. 50; Munro v. Pacific Coast Co., 84 Cal. 515; s. c., 24 Pac. 303; Hartigan v. Railroad, 86 Cal. 142; s. c., 24 Pac. 851. (2) During the first six months the right of action is absolute in the wife. If she asserts her right by bringing suit, she then has the full year within which to institute any other litigation upon this right of action which she has claimed and asserted. Shepard v. Rail-

road, 3 Mo. App. 550; Hayes v. Williams, 17 Colo. 465; s. c., 30 Pac. 352; McNamara v. Slavens, 76 Mo. 330; Barker v. Railroad, 91 Mo. 86; Reichla v. Gruensfelder, 52 Mo. App. 50. (3) The failure of the widow to mani- fest her election by bringing suit upon this cause of action which the statute holds out to her, within six months, vests the cause of action in the minor children and in them only. It is the same cause of action—her right to it has gone and the children's right has accrued. Kennedy v. Burrier, 36 Mo. 128; Hamilton v. Railroad, 39 Kan. 56. (4) There being but a single indivisible right of action, and the widow, if she elects to appro- priate it by bringing an action, having the entire right thus vested in her, it becomes immaterial whether she sues the right or the wrong party or whether she recov- ers the penalty or is denied a recovery. The right of action is hers and the conditional right held out to the children is forever gone. Shepherd v. Railroad, 3 Mo. App. 550; McNamara v. Slavens, 76 Mo. 330; Hayes v. Williams, 17 Colo. 465; s. c., 30 Pac. 352.

GANTT, P. J.—The appellants in this case are the minor children of James I. Packard, and Sarah Pack- ard, his wife. The father, James I. Packard, on and prior to February 9, 1898, was in the employ of the Chicago, Rock Island and Pacific Railway Company, hereafter called the Rock Island Company, as a freight switchman and brakeman in Kansas City. His duties in this employment, as alleged in the plaintiffs' petition, were to work on the top of freight cars, setting brakes, coupling and cutting out cars, and generally to perform the duties of a switchman in handling the local freight business of the Rock Island Company. This, the petition alleges, was the duty he owed to his employer, the Rock Island Company, and from the peti- tion it further appears by affirmative allegation that it was also his duty to his employer, from time to time, to accompany Rock Island transfer trains, with other

Rock Island employees and Rock Island switch engines, to the yards of the defendant, The Hannibal & St. Joseph Railroad Company, herein called the Hannibal Company, in said city, and there deliver the cars upon the tracks of the Hannibal Company.

While engaged in this work on February 9, 1898, James I. Packard received injuries which resulted in his death on February 12, 1898, in Kansas City, Missouri, leaving these appellants as his minor children, and Sarah Packard, their next friend in this action, as his widow.

On August 11, 1898, one day prior to the expiration of the first period of six months after his death, his widow, Sarah Packard, elected to accept the benefits given by Revised Statutes 1899, section 2864, and brought her action to recover the statutory penalty of $5,000 in the Jackson circuit court, against the Rock Island Company which action in due time was removed to the United States circuit court for the western division of the western district of Missouri, and was thereafter on December 12th, 1899, duly tried on the pleadings and evidence before a jury, and resulted in a verdict for the defendant, the Rock Island Company, at the direction of the court.

The answer filed by the Rock Island Company in that action raised several defenses and it is not apparent from the record now before the court upon which of the issues thus raised the learned federal court directed the verdict. But it is sufficient to say the record shows that the case was fully heard and tried upon the merits, resulting in a judicial finding against the plaintiff, Sarah Packard.

Upon February 9, 1899, within a day or two of the expiration of one year from the death of said James I. Packard, and during the pendency of the first mentioned action, brought by his widow, these plaintiffs, as his minor children, by the said Sarah Packard as next friend, filed the present action in the Jackson circuit

court against the Hannibal & St. Joseph Railroad by which they also sought to appropriate the benefits of said statute, and to. claim the penalty therein defined. In their petition, they allege, not that their mother had failed to sue, as the wording of the statute runs, but that she had failed to sue this defendant, the Hannibal Company, within six months, whereby, as it is claimed by them, the statutory right of action had passed to and became vested in the minor children. Thus is presented the situation of two actions pending between February 9, 1899, and December 12, 1899, the one by the widow against the Rock Island Company, and the other, by the minor children, against the Hannibal Company, and both based upon the same identical cause of action, to-wit, the death of James I. Packard.

Under the admissions made by the plaintiffs' petition and reply the trial court upon the motion made by .the defendant, the Hannibal Company, for a judgment on the pleadings, rendered the judgment prayed for, holding that inasmuch as the pleadings in the case showed as a matter of fact that the widow *did sue* before the six months had elapsed, she had under the statute appropriated the cause of action, and thereby deprived her children of the right to maintain an action in their own behalf; that her intention to appropriate the benefits of the statute was manifested in the most solemn manner possible by bringing her action against the Rock Island Company, and whether she was right or wrong in her selection of the defendant was not material. Her error, if such it was, was a mistake of law, and did not alter the fact that she had elected to appropriate the benefit of the statute and bring the action and had thereby deprived her children of that right.

I.    The right of action given by section 2864, Revised Statutes 1899, for the death of the father of the plaintiffs, is a single, indivisible right to sue all the guilty parties. It rests in the widow *or* the minor

children under the limitations fixed by the statute and can not and does not exist concurrently in the widow and the children. [Coover v. Moore, 31 Mo. 574; Kennedy v. Burrier, 36 Mo. 128; McNamara v. Slavens, 76 Mo. 330; Barker v. Railroad, 91 Mo. 86.]

During the first six months after the death of the husband and father, the right of action is absolute in the wife alone. If she failed to bring suit upon this single cause of action within six months it vests in the minor children and in them only. It is, however, the same cause of action. If she fails to sue within the six months, her right to it is gone and that of the children accrues. [Kennedy v. Burrier, supra; McNamara v. Slavens, supra.] The right is given to sue any and all persons whose negligence occasioned the death of the husband and father, and the penalty is one indivisible sum, to-wit, $5,000.

It is a cause of action created by the statute and no one can sue unless he or she brings himself or herself within its terms. This court, in Barker v. Railroad, 91 Mo. loc. cit. 92, said: "The right of the husband or wife to sue is absolute for and during the six months after the death. Thereafter it is' within the year, as we think, a conditional right." [Hamilton v. Railroad, 39 Kan. 56.]

The only question presented on this record is, has the widow asserted her rights under the statute? Has she appropriated the right which the statute gives her? If she has, then it is obvious that under the admissions made by the plaintiffs in their petition and reply, defendant's motion for judgment on the pleadings was properly sustained. That Mrs. Packard brought her suit against the Rock Island Railroad within the six months is conceded, but the contention of plaintiffs is that while it is true she sued the Rock Island, she did not sue the Hannibal & St. Joseph Company, the wrongdoer; that she failed to recover because she sued the *wrong party,* and therefore she did not appropriate the

right of action against the Hannibal & St. Joseph Company.

Considerable stress is laid by counsel for the minors. upon their statement that the Hannibal Company was the wrongdoer, and being such the statute points with unerring aim at that company as the only one liable for the penalty, and therefore there could have been no appropriation of the remedy until that remedy or suit was brought against the wrongdoer, or Hannibal Company. This claim is largely predicated upon the admitted fact that the widow was unsuccessful in her action against the Rock Island. It is not questioned that she sued, but the claim is advanced that as she did not sue the right party, she in law did not sue, and hence the right devolved upon the children.

This court, in McNamara v. Slavens, 76 Mo. 331, answered this contention in these words: "It is a cause of action created by the statute, that no one can sue unless he can bring himself within its terms. It is not a joint right of action in the husband or wife and the children. The statute gives the surviving husband or wife six months within which to elect to appropriate the cause of action, the election to made by the institution of a suit. He or she then has an absolute control of the cause of action as of any common law right of action he or she may have, and may compromise, release or otherwise settle the matter in controversy with the defendant. By dismissing her suit the widow did not lose her right of action, nor did such dismissal operate to transfer it to the children, but at any time within the six months she might have instituted another suit. Nothing in the foregoing sections warrants any other construction. By the commencement of the suit by the mother, within six months after the death of the father, the right of the children was forever taken away. Section 2121 (now 2864) does not authorize the children to sue if the father or mother fail to sue and recover. It declares that the forfeiture may be sued for and re-

covered by the children if the father or mother fail to sue within six months. The right to maintain the action depends upon the failure of the father or mother to sue, not upon his or her failure to sue and recover. If he or she should sue, and the verdict and judgment should be adverse to the plaintiff, it would not be contended that the children could then maintain an action. The evident meaning of the section is that one of the two classes of persons named shall have the right of action, and if the first named sue within the time prescribed, that is an absolute appropriation of the right by that party, and becomes a vested right, subsisting for the period prescribed as a limitation of the action. This seems to have been the view taken of that section by the St. Louis Court of Appeals, in Shepard v. St. Louis, Iron Mountain & Southern Ry. Co., 3 Mo. App. 550. All concurring, the judgment is affirmed.''

In Shepard v. Railroad, 3 Mo. App. 550, which was approved by this court in McNamara's case, the Court of Appeals says: ''If the widow does pursue the remedy, though ineffectually, her right vests and she has the full statutory time. She has not failed 'to sue within six months after such death.' She has not abandoned the right to the minor child.''

Mrs. Packard having brought her suit within the six months, the entire cause of action became hers absolutely and remained in her in her own right and not as next friend of her children. She had made the election required by the statute by the institution of her suit. If she had been nonsuited in her action brought against the Rock Island within the six months, we think there can be no doubt that at any time within the year after her husband's death she could have renewed the suit by a new action against the Rock Island or the Hannibal Company or both at her option. Having appropriated the right, she had absolute control of it. Her right of action was against all whose negligence caused the death of her husband. Having plenary control of the action she was

at liberty to sue them all jointly or as many as she saw fit. It is true there could be but one satisfaction, but until satisfaction all the negligent parties were liable at her election. Counsel for the plaintiffs assume, however, that the Rock Island was not the wrongdoer and the Hannibal Company was, and therefore she did not appropriate the action against the latter because she did not sue it within the six months. But this assumption rests only in the opinion of counsel for plaintiffs. The widow in whom the right was vested determined that the Rock Island Company was the wrongdoer, condemned by the statute, and the mere fact that her suit against that company was ineffectual can not fix the liability of the Hannibal Company, which was not a party to that suit nor bound by any observations the learned federal judge is reported to have made in the determination of the Rock Island case. It is entirely possible that had the Hannibal Company been sued it might have shown a state of facts which would have entirely exonerated it from liability. But aside from all this, even if Mrs. Packard did fail in her action against the Rock Island, what evidence is that that the Hannibal Company was the wrongdoer? Why did she fail? Was it because her cause was not properly presented, either with the necessary evidence or upon the law—or was it error in the circuit court who tried the case? Surely it can not be seriously urged that the legal standing of parties claiming a right to sue under this statute is to be determined by the success or failure of a suit between other parties, to which the parties to this suit are in no way privies. The right of action is single and not concurrent in both widow and children, but in the widow first, and then under certain conditions in the children. Now suppose the widow had recovered judgment against the Rock Island and that company had paid it, could these children have assumed, as they now do, that the Hannibal Company was the wrongdoer and that their mother's judgment against

the Rock Island was not binding on them or the Hannibal Company, and that the Rock Island was not guilty of negligence, and they proposed to show it by suing the Hannibal Company? This would present the spectacle of the widow suing and recovering $5,000 from one company, and the children a like sum from another company. And such must be the result unless it be held that the statute gives only one right of action, and that when the widow appropriates that by her election to sue, she by so doing deprives the children of all right of action under the statute.

Let us test this claim by another example. Suppose Mrs. Packard in her suit against the Rock Island had been forced to a nonsuit during the first six months after the death of her husband and then neglected to bring another suit within six months, and thereby, according to plaintiffs' contention, her right to sue was forfeited, and the right of action passed to the children, and they being advised that the United States circuit court was in error, had brought a suit against the Rock Island within the year in a different court. If to that action the Rock Island should plead that the widow had already appropriated the cause of action and the children could not sue, and the children should reply, "True, but she failed to recover, hence did not sue in law," is it not plain that the reply would be stricken out on motion, because this court had already announced that it was not necessary to show the husband or wife had recovered in their suits?

We think that by bringing her suit within six months Mrs. Packard clearly evinced her intention to appropriate the cause of action, whether successful or unsuccessful, and thereby cut off the right of the children to sue.

This precise question as to the effect of suing the wrong defendant as evidence of the widow's intention to appropriate the action was presented in Hayes v. Williams, 17 Colo. 465, 30 Pac. 352. The statute of Colo-

rado is almost a rescript of our own, the only difference being that our statute gives the widow six months in which to exercise her option while the Colorado statute gives her one year and the general limitation with us is one year while in Colorado it is two years. In that case the widow within the first year sued one Anderson and was defeated and then within the two years sued Williams, and to the claim that she had not commenced her suit against Williams in the first year and that her ineffectual suit against Anderson would not keep her right of action alive, the Supreme Court answered: "The real question is: Has the widow by suit in good faith within one year asserted her intention to avail herself of the statutory privilege conferred? This intention may be shown as fully by an action which for some ulterior reason ultimately *fails,* as by an action which in the end proves successful. The mere fact that the failure, as in the case before us, is due to an excusable mistake in suing the wrong party instead of suffering a nonsuit in attempting to hold the right party is not significant."

So say we in this case: the widow having appropriated the one single indivisible cause of action given by the statute within six months after her husband's death, her election forever cut off the plaintiffs, the children, from availing themselves of that right. The judgment was right and is affirmed.

All concur.