MARY McQUADE, Appellant, v. ST. LOUIS & SUB-URBAN RAILWAY COMPANY and ST. LOUIS & MERAMEC RIVER RAILROAD COMPANY.

Division One, December 22, 1906.

1. **NEGLIGENCE: Failure to Watch: Failure to Stop: Repugnant Pleading.** An allegation that the motorman negligently failed to keep a vigilant watch for persons on or approaching the railway track, and another that he failed to stop the car in the shortest time possible after discovering their peril, are not inconsistent or repugnant. One does not charge affirmative and the other negative, but both charge positive negligence; and both may be charged in one count.

2. ———: ———: ———: ———: **Practice: Demurrer to Evidence.** Repugnant charges of negligence contained in one count,

cannot be reached by a demurrer to the evidence. That defect can be reached only by a demurrer to the petition or a motion to elect.

3. **DAMAGE STATUTE: Applicable to Street Railways.** The Damage Statute (sec. 2864, R. S. 1899), giving to the widow $5,000 for the negligent killing of her husband, is applicable to street railways.

4. **———: ———: Ordinance: Negligence.** The said Damage Statute permits a recovery for a negligent failure to discharge a duty imposed by a municipal ordinance. The right of action given thereby is for negligence, whether it be negligence as defined by the common law or negligence that may arise from a failure to perform a duty imposed by statute or by municipal ordinance.

5. **———: Within Six Months: Dismissal: Renewal.** Where a widow brought a suit for the negligent killing of her husband within six months after his death against one of the defendants, and within a year after his death dismissed that suit and brought it against both defendants, she thereby appropriated the action for statutory damages to herself, and the suit as to both defendants was timely.

6. **NEGLIGENCE: Stopping Car: Demurrer.** Where there is evidence tending to prove that by the exercise of ordinary care the motorman could have seen deceased on the track in time to have saved his life by the exercise of ordinary care, no demurrer to the evidence should be sustained.

7. **DEFECTIVE PETITION: Charging Contributory Negligence.** The petition, after charging specific acts of negligence, stated: "Which violations of said ordinance directly contributed to cause the death and injury of the plaintiff's husband." *Held,* that it cannot be contended that this petition charges defendants only with contributory negligence. It simply means that the violations of the ordinances contributed, with the other precedent acts of negligence charged in the petition, to cause the injury.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

REVERSED AND REMANDED (*with directions*).

*A. R. Taylor* and *Howard Taylor* for appellant.

(1) The evidence was ample to carry the case to the jury on the question of the negligence of the ser-

vants of the defendant operating the car which killed deceased. Murphy v. Railroad, 87 S. W. 947; Klockenbrink v. Railroad, 172 Mo. 689. (2) The court was clearly in error in holding that when the widow of deceased brought a suit within six months and dismissed it and sued again within a year, she was barred if there was a minor child. Shepard v. Railroad, 3 Mo. App. 553; McNamara v. Stevens, 76 Mo. 331; Barker v. Railroad, 91 Mo. 94.

*Jefferson Chandler* and *T. M. Pierce* for respondents.

(1) The alleged grounds of negligence are repugnant. The first ground is that the motorman of respondent failed to keep proper and vigilant watch ahead for all persons on foot, and especially this plaintiff. Second, and the said motorman, seeing deceased, failed to stop said car within the shortest time and space possible after plaintiff was in a position of danger. These two aspects of alleged negligence are incompatible. Hawkins v. Railroad, 83 S. W. 52; Allen v. Railroad, 183 Mo. 432; Klockenbrink v. Railroad, 172 Mo. 689; Holwerson v. Railroad, 157 Mo. 216. (2) The Damage Act, under which this proceeding is had, does not include, in terms, street car companies. Fisher v. Tel. Co., 75 S. W. 50; Hudson v. Lynn (Mass.), 71 N. E. 66; Sams v. Railroad, 174 Mo. 55. (3) There is no evidence that after respondent's motorman saw deceased he could have saved his life. Roenfeldt v. Railroad, 180 Mo. 565; Culbertson v. Railroad, 140 Mo. 63. (4) The petition is fundamentally bad. The theory is that respondent was guilty of contributory negligence in causing the death of plaintiff's husband. A cause of action cannot be based on the alleged contributory negligence of defendant. Lee v. Jones, 181 Mo. 299.

BRACE, P. J.—This is an action by the widow to recover $5,000 damages for the death of her husband, Michael McQuade, under the provisions of section 2864, Revised Statutes 1899; in which, at the.close of the plaintiff's evidence, a demurrer thereto was sustained, and the plaintiff took a nonsuit, and from the refusal of the court to set the same aside, she appeals.

The petition is as follows:

"The plaintiff states that she was the lawful wife of Michael McQuade at the time of his death as herein stated. That the defendants are, each, and at the times herein stated were each corporations by virtue of the law of Missouri, and used and operated the railway and car herein mentioned for the purpose of transporting persons for hire from one point to another in the city of St. Louis as a public conveyance in charge of their motorman and conductor. That at said times Wash street and Twenty-third street at the places herein stated were open public streets within the city of St. Louis. That on the 9th day of May, 1901, the plaintiff's husband, Michael McQuade, was lawfully on the crossing of Wash and Twenty-third streets at or near the east crossing thereof when defendant's servants in charge of their west-bound car carelessly and negligently and without using any care to give warning of the approach of said car to said crossing or to said Michael McQuade, and without using any care to watch out for persons on said crossing, and without using any care to slow up or stop said car and avert injury to said McQuade, did cause and suffer said car to strike and so injure said McQuade that he died from said injuries at St. Louis on the day aforesaid.

"And for another and further assignment of negligence the plaintiff avers that at the time of the death of her husband there was in force within the city of St. Louis an ordinance of said city by which it was provided that motormen and conductors of each car should

keep a vigilant watch for persons on foot, either on the track or moving towards it, and upon first appearance of danger to such person the car should be stopped within the shortest time and space possible, and the plaintiff avers that at and before the time that said car struck and injured her husband the motorman and conductor of said car were failing to keep such vigilant watch and failed to stop said car on the first appearance of danger to her husband as he moved towards said track and was upon said track, which violation of said ordinance directly contributed to cause the injury and death of plaintiff's husband. That by the death of her husband caused as aforesaid an action has accrued to the plaintiff to sue for and recover the sum of five thousand dollars according to the statute of Missouri. And the plaintiff avers that within six months after the death of her husband she instituted an action against the St. Louis & Suburban Railway Company, one of the defendants herein, to recover said statutory damages for the death of her said husband and thus appropriated said cause of action to herself, which action was dismissed.''

The answer was a general denial and a plea of contributory negligence, on which issue was joined by reply.

The case made by the plaintiff's evidence is substantially as follows:

Wash street runs east and west, Twenty-third street north and south. On Wash street there are two tracks on which defendants run their cars. Westbound cars run on the north track, and east-bound cars on the south track. On the 9th of May, 1901, the plaintiff's husband, Michael McQuade, walked south on the east sidewalk of Twenty-third street to the east crossing of that street over Wash street. When he reached the crossing two cars were approaching the crossing, one from the east and one from the west. He

stopped at this crossing until the west-bound car on the north track passed, and then proceeded to cross the street, stopped on the north track, over which the west-bound car had just passed, until the east-bound car passed on the south track, and as he was in the act of stepping off the north track he was struck by another west-bound car and killed. When the deceased stopped on the north track to let the east-bound car go by, the second west-bound car by which he was struck was distant from him 150 feet. The car was going at a speed of about fifteen miles an hour, no bell was rung or gong sounded, and no effort was made to check the car or avoid the collision until the car was within fifteen or twenty feet of the deceased, when such effort was made but too late to avert the catastrophe, as the car ran twenty-five or thirty feet after the collision. The car that killed the deceased was either a Suburban car or a Meramec River car, but there is a conflict in the evidence as to which company the car belonged.

This suit was instituted in the St. Louis City Circuit Court on the 8th day of May, 1902. Prior thereto, to-wit, on the 15th of July, 1901, a suit on the same cause of action was instituted in said court by the plaintiff against the defendant, the St. Louis & Suburban Railway Company, which suit was on the 8th day of May, 1902, dismissed.

I. It does not appear from the record upon what ground the trial court sustained the demurrer to the plaintiff's evidence, but it is contended for the defendant that the demurrer was properly sustained for several reasons which will be noticed in their order.

It is first contended that the alleged grounds of negligence are repugnant in that the first ground is, that the motorman failed to keep a vigilant watch, etc., and second, that he failed to stop said car in the shortest time and space, etc.; that the former is an affirmative and the latter a negative wrong, and that they

cannot be "yoked up in the same petition." We are unable to appreciate the force of the argument by which it is attempted to support this proposition. The duty of the motorman to the deceased to be on the watch, and to stop, if at all, from the situation in which the deceased was as the car was approaching the crossing, were affirmative duties, and the one was as much a positive duty as the other—each was consistent with the other. If by failure to be on the watch, the motorman failed to discover the perilous position of the defendant when he could have done so by the exercise of ordinary care, he was guilty of negligence; or, if being on the watch he did discover his perilous position and failed to stop his car when by the exercise of ordinary care he could have done so, he was guilty of negligence; and there is no good reason why both acts of negligence should not have been charged in one count of the petition. Moreover, if even the petition was defective in this respect, such defect could not be reached by a demurrer to the evidence—it could only be reached by a demurrer to the petition, or a motion to elect.

II. It is next contended that section 2864, the statute under which this action was brought, is not applicable to street railroads. This contention was made in the case of Higgins v. Railroad, 197 Mo. 300, ably argued by the same counsel for defendant, and held to be untenable in an opinion handed down by GRAVES, J., in which, on this point, all the judges of this division concurred. After further consideration of the question, we are all entirely satisfied with the conclusion reached in that case, and hold in this, as we did in that case, and for the reasons therein stated, that said section is applicable to street railroads.

III. It is next contended that although section 2864 applies to street railroads, the ground of recovery by a person not a passenger is confined to common law negligence and does not extend to an injury from a

failure to discharge a duty imposed by municipal ordinance. We find no such limitation in the statute. As applicable to this case, the statute reads: "Whenever any person shall die from any injury resulting from or occasioned by the negligence of . . . . any officer, agent, servant or employee whilst running . . . . any . . . . car, . . . . the corporation . . . in whose employ any such officer, agent, servant, employee . . . shall be at the time such injury is committed, . . . shall forfeit and pay for every person . . . so dying the sum of five thousand dollars." The right of action given by the statute is for negligence—not for negligence as defined by the common law, but as well for negligence that may arise from a failure to discharge a duty imposed by a statute or municipal ordinance. The statute makes no distinction, and we can make none. It contains no such limitation as is contended for, and we cannot put such a limitation upon its comprehensive terms.

IV. It appears from the evidence that Michael McQuade, besides his widow, left surviving him a minor child; and this suit, although brought within a year, was not brought within six months after his death; therefore, it is contended, the demurrer was properly sustained. But it also appears that within six months after her husband's death the plaintiff did bring her suit therefor against one of the defendants; and within a year after his death dismissed the same and brought this suit against both of the defendants; and it was expressly held in Packard v. Railroad, 181 Mo. 421, that "where a widow has brought a suit for the death of her husband within six months after his death, she can, if she has suffered nonsuit, or dismissed the suit, within one year after his death, renew the suit against the same party or bring it against another wrongdoer, or both." This ruling is in harmony with the previous rulings on the subject. [Barker v. Railroad, 91 Mo.

86; McNamara v. Slavens, 76 Mo. 329; Shepard v. Railroad, 3 Mo. App. 550.] And this contention must be ruled against the defendants.

V. It is next contended that the demurrer to the evidence was properly sustained because there was no evidence that after the motorman saw the deceased he could have saved his life. But there was evidence tending to prove that by the exercise of ordinary care the motorman could have seen the deceased on the track in time to have saved his life by the exercise of ordinary care thereafter, and in such case it is settled law in this State that the plaintiff may recover. [Scullin v. Railroad, 184 Mo. 707; Klockenbrink v. Railroad, 172 Mo. 678; Morgan v. Railroad, 159 Mo. 262; Kellny v. Railroad, 101 Mo. 67; Hilz v. Railroad, 101 Mo. 36, and many others, in these cases cited.]

VI. It is next and finally contended that the demurrer to the evidence was properly sustained because the petition only charges the defendant with contributory negligence. The only basis for this contention is the allegation in the petition, "which violations of said ordinance directly contributed to cause the death and injury of the plaintiff's husband," which counsel would have us interpret to mean, "which violations," etc., "contributed" with the negligence of the deceased "to cause the injury," etc. It will not fairly bear such an interpretation. The evident meaning of the pleader was that the violation of the ordinance contributed, with the other precedent acts of negligence charged in the petition, "to cause the injury and death of plaintiff's husband."

Counsel, after a labored effort, have failed to point out, and we have failed to discover, any good reason in the record why the case should have been taken from the jury. The judgment of the circuit court will therefore be reversed, and the cause remanded with direc-

VOL. 200, OCTOBER TERM, 1906. 159

Kansas City Loan Guar. Co. v. Kansas City.

tions to set aside the nonsuit and grant the plaintiff a new trial.

*Lamm, J.,* concurs; *Valliant, J.,* concurs in all except the fourth paragraph; *Graves, J.,* concurs in the result.