439 F.Supp. 1167 (1977)
Gail L. BAZZANO, Individually and as surviving spouse of Gaetano Bazzano, Deceased, Plaintiff,
v.
ROCKWELL INTERNATIONAL CORPORATION, Defendant.
No. 76-1199 C (A).
United States District Court, E. D. Missouri, E. D.
October 21, 1977.
*1168 Jerry J. Murphy, Clayton, Mo., Daniel Donnelly, Garrison, N. Y., for plaintiff.
Joseph A. Kral, III, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
HARPER, District Judge.
This matter is before the Court on the motion of the defendant, Rockwell International Corporation (hereinafter referred to as Rockwell), to dismiss plaintiff's complaint, or for summary judgment made pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.
The plaintiff, Gail L. Bazzano, is a citizen of Missouri. The defendant is a Delaware corporation, having its principal place of business in the State of Pennsylvania. The jurisdiction of this Court exists pursuant to 28 U.S.C. 1332 inasmuch as diversity of citizenship exists between plaintiff and defendant, and the amount in controversy exceeds $10,000.00.
From the pleadings, exhibits, affidavits, answers to interrogatories, and briefs of the parties, the following facts have been derived: The plaintiff seeks to recover for the wrongful death of her husband, Gaetano Bazzano, occurring in an airplane crash on December 29, 1975. The deceased was survived by his wife, children and parents. Plaintiff alleges that this crash was caused by a defective flight director system that was manufactured by Collins Radio Company (hereinafter referred to as Collins I) in 1961 and installed in the airplane which crashed.
In November of 1973, Collins I was merged into Rockwell, thereby dissolving Collins I as a corporate entity. In the merger Rockwell assumed all of the debts and liabilities of Collins I. Subsequent to this merger, on November 28, 1973, an entity named Collins International, Inc., changed its name to Collins Radio Company (hereinafter referred to as Collins II). The sole purpose for the change in name was to preserve the corporate name "Collins Radio Company" to prevent possible appropriation of the name by another organization. Collins II had never engaged in the business of designing, manufacturing or selling flight director systems.
The attorney for the plaintiff, Daniel Donnelly, was aware of the merger described above prior to the filing of this action. In conjunction with another case pending in the United States District Court for the Eastern District of New York (In re Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975, MDL Docket No. 227), Donnelly filed a request for production of documents on September 24, 1976, wherein he asked for the production *1169 of a copy of the merger agreement between Collins I and Rockwell. The lawsuit in New York also involved an airplane crash. On November 29, 1976, Garrett Fitzpatrick, a member of the firm of Mendes & Mount, and acting as an attorney for Rockwell, gave to Donnelly a copy of the merger agreement (Exhibit A attached to Exhibit B filed with defendant's motion before the Court).
Donnelly admits to knowledge of the merger in his affidavit. Therein he stated that he initially drafted a complaint naming Rockwell as defendant. On December 23, 1976, Donnelly telephoned the law firm of Mendes & Mount to discuss this lawsuit with James Fitzsimons of that firm. The firm Mendes & Mount has frequently represented Rockwell in litigation involving airplane crashes. Donnelly advised Fitzsimons of the circumstances surrounding the airplane crash involved herein, and that it was his preference to commence the action in New York. Fitzsimons replied that neither he nor Rockwell would have anything to do with the proposal to keep the litigation in New York and admonished Donnelly to do whatever was necessary to protect his client's interests. Donnelly also requested information concerning the merger between Collins I and Rockwell. Fitzsimons answered, stating that he did not have all the facts readily at hand and that Donnelly should ascertain them for himself.
Thereafter, Donnelly, through his secretary, telephoned the Iowa Secretary of State and received information that Collins Radio Company was a corporation in good standing and acquired the name and address for its agent for service of process. This information, however, related to Collins II, and did not pertain to the original Collins Radio Company which had since merged with Rockwell.
Despite his knowledge of the merger, the attorney for plaintiff changed the named defendant in his draft complaint from Rockwell to Collins Radio Company. The complaint in this form was filed in this Court on December 27, 1976. Service of process was made on J. P. Riley, the registered agent of Collins II, on January 6, 1977. Riley was also at that time assistant general counsel of Rockwell. Collins II and Rockwell have a close relationship inasmuch as some officers and directors of Collins II are also employed by Rockwell. It is sufficient for the purposes of this action to note that while Collins II and Rockwell share personnel, they are separate and distinct corporate entities.
After the original complaint was filed, a motion for summary judgment was filed by defendant Collins II on February 28, 1977. The affidavits submitted to the Court in connection with this motion disclosed that Collins I, not defendant Collins II, was the manufacturer of the flight director system at issue. Subsequent to this motion for summary judgment, and after a considerable amount of affidavits had been filed, plaintiff on April 12, 1977, moved the Court for leave to file an amended complaint.
Plaintiff was given leave to file an amended complaint and did so on May 25, 1977. Plaintiff's amended complaint named Rockwell as the sole defendant without mention of Collins II, the original defendant, and at that time still a party to the action. Plaintiff's error in this regard is an apparent violation of Fed.R.Civ.P. 10(a) which provides: "In the complaint the title of the action shall include the names of all the parties." This violation of Rule 10(a) in the circumstances before the Court poses an interesting problem as to whether plaintiff's second complaint amends the original action or institutes an entirely new lawsuit. The Court, however, declines to rule on this matter since summary judgment may be granted herein on other grounds.
Plaintiff's amended complaint was brought in three counts: First, for the wrongful death of Gaetano Bazzano, secondly, for his conscious pain and suffering, and thirdly, for the destruction of the airplane. Service was made upon Rockwell on June 1, 1977. Thereafter, Rockwell filed this motion to dismiss or for summary judgment, asserting that plaintiff's action was barred by the applicable statute of limitations.
*1170 On June 3, 1977, upon motion of defendant Collins II, this Court granted summary judgment in its favor against the plaintiff. The defendant Collins II was not in existence until 1973 and had no involvement whatsoever with the manufacture and distribution of avionics equipment in 1961.
With respect to Rockwell's motion, this Court will treat it as one for summary judgment since matters outside of the pleadings were considered by the Court. Fed.R.Civ.P. 12(c); Sherwood Medical Industries v. Deknatel, Inc., 512 F.2d 724, 725 (8th Cir. 1975). The parties have been given a reasonable opportunity to present all materials pertinent to a motion for summary judgment, and have done so.
Rule 56 of the Federal Rules of Civil Procedure considers summary judgment and provides in part:
"(c) Motion and Proceedings Thereon. * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."
According to established principle, once a motion for summary judgment is made, the Court examines the evidence, not to decide issues of fact which may be presented, but rather to determine if any real issue exists. Doza v. American National Ins. Co., 314 F.2d 230, 232 (8th Cir. 1963). As interpreted by the courts, Rule 56 places on the moving party "the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); Jacobsen v. Maryland Casualty Co., 336 F.2d 72, 74 (8th Cir.), cert. denied 379 U.S. 964, 85 S.Ct. 655, 13 L.Ed.2d 558 (1965).
The case before the Court is one wherein summary judgment may properly be created in favor of defendant Rockwell since no genuine issue of any material fact exists between the parties.
As stated earlier, plaintiff brings this action for the wrongful death of her husband. The substantive law of Missouri controls this wrongful death action since the injury and death occurred in Missouri. Crowder v. Gordons Transports, Inc., 387 F.2d 413, 415 (8th Cir. 1967). The governing Missouri law in this type of action is the Missouri Wrongful Death Act, Mo.Rev.Stat. 537.080 (1967). In State ex rel. Kansas City Stock Yards Co. v. Clark, 536 S.W.2d 142, 144 (Mo.1976), it was stated: "There was no right of action for wrongful death at common law. It is only by virtue of statutory enactments that a recovery may be had upon such a claim."
Mo.Rev.Stat. 537.080 provides in pertinent part:
"Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would * * * if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered
"(1) By the spouse or minor children, natural or adopted, of the deceased, either jointly or severally; provided, that in any such action the petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under this subdivision; and provided, further, that only one action may be brought under this subdivision against any one defendant; or
"(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, or if the deceased be a minor and unmarried, then by the father and mother, natural or adoptive, who may join in the suit, and each shall have an equal interest in the judgment * * *."
*1171 The subsections to the above cited statute operate to limit the capacity of a particular person to file and maintain an action for wrongful death, and do not serve as a statute of limitations. State ex rel. Kansas City Stock Yards v. Clark, supra, at 145; State ex rel. Jewish Hospital v. Buder, 540 S.W.2d 100, 104 (Mo.App.1976).
The plaintiff is the surviving spouse of the deceased. Since the deceased left surviving parents, the spouse must exercise her preferred right of action by filing suit within one year from the date of death. State ex rel. Kansas City Stock Yards v. Clark, supra, at 145. Plaintiff's lawsuit must have been commenced prior to December 29, 1976, in order for her to maintain this action.
Plaintiff's original complaint was timely filed on December 27, 1976, but plaintiff's action was against the wrong party. Thereafter, plaintiff amended her complaint, naming the proper defendant. However, in the meantime plaintiff's capacity to bring this action was extinguished by the terms of Mo.Rev.Stat. 537.080. The question before the Court is whether the amended complaint relates back to the time of the filing of the original complaint. In Crowder, supra, a case brought pursuant to the Missouri Wrongful Death Act, the court stated: "We are of the view that the issue of relation back is one of procedure and is controlled by the Federal Rules of Civil Procedure."
Rule 15(c) pertains to this issue and provides:
"(c) Relation Back of Amendment. * * * An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."
Plaintiff contends that her conduct herein in attempting to sue the proper party is sufficient to satisfy the requirements of Rule 15(c). The Court rejects this contention, finding that plaintiff's amended complaint does not relate back to the time of filing the original complaint.
Rule 15(c) requires that the party to be substituted receive notice of the action "within the period provided by law for commencing the action against him." Numerous courts have held that the word "action" as used in Rule 15(c) means a lawsuit and not the circumstances giving rise to a lawsuit. Archuleta v. Duffy's Inc., 471 F.2d 33, 35-36 (10th Cir. 1973); Craig v. United States, 413 F.2d 854 (9th Cir.), cert. denied 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969). In Craig, supra at 858, the Court said: "In our opinion, `action,' as used in Rule 15(c), means a lawsuit, not the incident giving rise to a lawsuit. The relevant words are `notice of the institution of the action.' A lawsuit is instituted; an incident is not."
The complaint was filed on December 27, 1976. Any type of notice to Rockwell prior to that date is inadequate to meet the requirements of Rule 15(c). Neither Donnelly's conversation with Fitzsimons, nor any investigation of the accident by Rockwell prior to filing constitute notice of the action for the purposes of Rule 15(c).
The materials available to the Court for its consideration indicate that the earliest date upon which Rockwell could be charged with notice of the action is January 6, 1977, the date of service on Riley. In that complaint the named defendant was, however, Collins II. Riley was its registered agent. Riley was also an employee of Rockwell at that time, a fortuitous circumstance. Collins II and Rockwell are separate and distinct entities, and a complaint naming one is not a suit against the other.
Plaintiff has made no showing that Rockwell received notice of the institution of the action prior to January 6, 1977. Assuming that Rockwell had notice of plaintiff's error *1172 in suing Collins II, immediately upon service of process on Riley, Rule 15(c) is not satisfied. Rockwell was not a named defendant in the complaint and cannot be added by amendment after the time period in Mo.Rev.Stat. 537.080 had run. Notice of the institution of the action must come "within the period provided by law for commencing the action * * *." Rule 15(c). See also, Stephens v. Balkamp, 70 F.R.D. 49 (E.D.Tenn.1975); Munetz v. Eaton Yale and Towne, Inc., 57 F.R.D. 476 (E.D.Pa.1973).
It is the Court's opinion that plaintiff having originally sued an existing corporation cannot amend and sue another corporation without having instituted a new suit and subjecting plaintiff to all defenses, including limitations, available to the new defendant. It is true that plaintiff narrowly missed the mark in her action against Rockwell, but a statutory limitation period is not an approximate standard.
A similar conclusion was reached in Simmons v. Fenton, 480 F.2d 133 (7th Cir. 1973), wherein the action for personal injuries was commenced on the last day of the limitation period. Service was made approximately three weeks after the expiration of the statute of limitation on the named defendant, the twelve-year old daughter of the proper defendant. Therein the court held that the plaintiffs were not entitled to amend their pleadings to substitute the mother as defendant and have it relate back to the time of filing the original complaint.
Plaintiff further argues that she was misled by the activities of the defendant by the creation of Collins II into naming the wrong party in her complaint. The circumstances surrounding the formation of Collins II and defendant's involvement therein, may have created a trap for the unwary. It is, however, difficult for the Court to characterize plaintiff as the incognizant litigant.
In September of 1976, plaintiff's attorney demonstrated that he possessed at least a rudimentary knowledge of the Collins-Rockwell merger by requesting information pertinent thereto. In In re Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975, MDL Docket No. 227 (E.D.N.Y.), Donnelly, as an attorney for a plaintiff therein, requested pursuant to Fed.R.Civ.Procedure, Rule 34, a copy of the Collins-Rockwell merger agreement. That action also involved an allegedly defective flight director system. A copy of the merger agreement was supplied to Donnelly by the attorneys for the defendants therein on November 29, 1976, one month prior to the filing of the original complaint herein. Thereafter, Donnelly drafted a complaint naming Rockwell as defendant, which he did not file. He chose in the filed complaint to disregard all of his previous knowledge and named Collins II as the sole defendant.
Plaintiff's complaint was filed two days prior to the expiration of plaintiff's right to bring an action for wrongful death. Plaintiff's attorney did not leave himself much margin for error. However, that was his decision and it was not affected by the conduct of the defendant. It was the plaintiff's responsibility to determine the true defendant and the information was readily available to her attorney. A proper course of conduct in this type of situation would have been to over-include the defendants named in the complaint, thereby obviating any limitations problem. It does not appear that defendant actively contributed in any way to plaintiff's error.
While the action by the deceased's spouse and children is barred, an action by the parents of the deceased is still available. Since the spouse and minor children have failed to bring suit within the one-year time period, the claim has passed to the parents. State ex rel. Kansas City Stock Yards v. Clark, supra at 145. Consequently, they may presently bring an action until the two-year statute of limitations contained in Mo.Rev.Stat. 537.100 (1967) has run.
Having disposed of this action in its entirety, the Court declines to determine whether plaintiff's second cause of action for the pain and suffering of the deceased is proper under the Missouri Wrongful Death Act, Mo.Rev.Stat. 537.080 (1967).
*1173 In accordance with this memorandum opinion, it is hereby ordered and adjudged that defendant's motion for summary judgment be and it is hereby sustained, and the clerk of the Court will prepare and enter the proper order to that effect.