Gail L. BAZZANO, Individually and as surviving spouse of Gaetano Bazzano, Deceased, Plaintiff, Appellant,

v.

ROCKWELL INTERNATIONAL CORPO-RATION, Defendant, Appellee.

No. 77–1907.

United States Court of Appeals, Eighth Circuit.

Submitted April 12, 1978.

Decided June 28, 1978.

Rehearing and Rehearing En Banc Denied July 25, 1978.

Jerry Murphy, Clayton, Mo., for plaintiff, appellant.

John C. Shepherd (on brief) of Coburn, Croft, Shepherd, Herzog & Putzell, St. Louis, Mo., argued, for defendant, appellee; Joseph A. Kral, III, St. Louis, Mo., on brief.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and MacLAUGHLIN, District Judge.*

MacLAUGHLIN, District Judge.

Gaetano Bazzano died in the crash of a private aircraft in Missouri on December 29, 1975. His wife, Gail, and his children and parents survived him. Gail Bazzano brought this action to recover as surviving spouse for her husband's wrongful death and for his pain and suffering, and for property damage for the loss of the airplane. Recovery is premised on strict liability and negligence; plaintiff attributes the cause of the crash to an allegedly defective flight director system manufactured by Collins Radio Company in 1961. Jurisdiction is founded on diversity of citizenship. The United States District Court for the Eastern District of Missouri granted summary judgment for defendant, and plaintiff appeals. After careful consideration of the applicable law, we reverse.

On November 14, 1973, Collins Radio Co., the manufacturer of the flight director system in question, merged into Rockwell International Corporation (Rockwell). Rockwell assumed all the debts and liabilities of Collins Radio Co. Meanwhile, Collins International, Inc. had been incorporated in Iowa by one J. P. Riley on May 23, 1973. Two weeks after the merger of Collins Radio Co. and Rockwell, Collins International, Inc. changed its name to Collins Radio Co. Besides its name, the company shared with the defunct manufacturing concern the same state of incorporation and the same address.

On November 29, 1976, Daniel Donnelly, an attorney for plaintiff, received a copy of the merger agreement between Collins Radio Co. and Rockwell through discovery in another action. Thereafter, he drafted a complaint naming Rockwell as the defendant. On December 23, 1976, Donnelly telephoned James FitzSimons, a partner in the New York law firm of Mendes & Mount, which had frequently represented Rockwell in litigation involving aircraft. His purpose was to discuss the lawsuit about to be filed. Donnelly affied:

In my telephone conversation with Mr. FitzSimons, I advised him that I represented the estate of Dr. Bazzano who had been killed in the crash of an Aero Commander in the vicinity of St. Louis, Missouri on December 29, 1975, and that the aircraft had been equipped with a Collins FD–107 flight director system which I characterized as one of the old flight director systems. I advised Mr. FitzSimons that suit was being instituted against Rockwell International Corporation arising out of this crash and that it was my preference to commence the suit in the Southern District of New York. Mr. FitzSimons replied that Rockwell International would have had nothing to do with this matter, and he then admonished me to proceed in a proper manner.

FitzSimons confirmed Donnelly's recollection in large part, with the following exception:

I advised Mr. Donnelly that neither I, nor my firm, nor Rockwell, would have anything to do with his proposal to keep the litigation in New York; and that he should proceed in accordance with the established Federal Rules of Civil Procedure.

At no time did I say to Mr. Donnelly that Rockwell, or for that matter, Collins, would have had nothing to do with the manufacture of a Collins FD–107 flight director system.

Donnelly took FitzSimons' remark, however, to indicate that the Collins Radio Co. which had merged into Rockwell was not the manufacturer of the flight director system. He redrafted the complaint, substituting Collins Radio Co. (originally incorporated as Collins International, Inc.) as the defendant. On December 27, 1976, Donnelly's secretary confirmed the existence of Collins Radio Co. with the Secretary of State of Iowa, and arranged for service on

---

* The Honorable Harry H. MacLaughlin, United States District Judge, District of Minnesota, sitting by designation.

its designated agent, J. P. Riley. The complaint was filed and the action commenced that day. Process was served on Riley on January 6, 1977. At that time, Riley, besides being designated agent for Collins Radio Co., was Assistant General Counsel for Rockwell.

On February 28, 1977, Collins Radio Co. moved for summary judgment. Plaintiff then realized her error, and moved for and was granted leave to amend her complaint. Substituting Rockwell as the sole defendant, she filed the amended complaint on May 25, 1977, and achieved service on June 1, 1977. Rockwell then moved to dismiss. Because it considered matter beyond the pleadings, the district court treated the motion as a motion for summary judgment and dismissed the action. The court held that plaintiff's capacity to maintain an action for wrongful death under Missouri law expired before Rockwell was served with the amended complaint. It further held that the amended complaint substituting Rockwell as the defendant did not relate back to the date of filing of the original complaint under Fed.R.Civ.P. 15(c). *Bazzano v. Rockwell Int'l Corp.*, 439 F.Supp. 1167 (E.D.Mo.1977). Since we find that plaintiff had standing under Missouri law to prosecute suit against Rockwell and timely did so, we reverse, and do not reach the issue whether the amended complaint related back.

Mo.Rev.Stat. 537.080 prescribes who is a proper plaintiff to prosecute an action for wrongful death:

Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered

(1) By the spouse or minor children, natural or adopted, of the deceased, either jointly or severally; provided, that in any such action the petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under this subdivision; and provided, further, that only one action may be brought under this subdivision against any one defendant; or

(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, or if the deceased be a minor and unmarried, then by the father and mother, natural or adoptive, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor; or if the surviving parents are unable or decline or refuse to join in the suit, then either parent may bring and maintain the action in his or her name alone, for the use and benefit of both such parents; or

*     *     *     *     *

The statute confers standing first upon the surviving spouse and minor children. If they fail to sue within one year after the death, then the parents of the decedent may bring suit. Appropriation of the cause of action by the spouse and children may occur by means other than initiation of suit. E. g., *Spencer v. Bradley*, 351 S.W.2d 202 (Mo.1961) (holding husband appropriated action by releasing several potential defendants within statutory period). But if the spouse and children fail to appropriate the action within one year after it accrues, they are no longer proper plaintiffs. *Edmonsond v. Lakeside Hospital Ass'n*, 562 S.W.2d 361 (Mo.1978) (en banc). Section 537.080 does not serve as a statute of limitations, as the district court recognized (439 F.Supp. at 1171), but instead serves to denominate those who have standing to sue for wrongful death. Mo.Rev.Stat. 537.100 provides a two-year period of limitations for such actions.

█ A wrongful death action is indivisible. Once it is appropriated by an individual with standing, the order of suit pre-

scribed by section 537.080 is no longer material, unless the individual appropriating the action dies before the two-year period of limitations runs and has not completed enforcement. *Cummins v. Kansas City Public Service Co.*, 334 Mo. 672, 66 S.W.2d 920 (1933) (en banc).[1] The district court held that plaintiff failed to appropriate the action when she sued Collins Radio Co., because suit was brought against the wrong defendant: "Plaintiff's original complaint was timely filed on December 27, 1976, but plaintiff's action was against the wrong party. Thereafter, plaintiff amended her complaint, naming the proper defendant. However, in the meantime plaintiff's capacity to bring this action was extinguished by the terms of Mo.Rev.Stat. 537.080." 439 F.Supp. at 1171. Because suit was not instituted against the proper defendant within the one-year period during which plaintiff had standing, the district court reasoned, standing to sue passed to the parents of the decedent.

Venerable Missouri case law holds to the contrary. In *Packard v. Hannibal & St. J. R. Co.*, 181 Mo. 421, 80 S.W. 951 (1904), the surviving minor children of a decedent brought an action for his wrongful death. Already pending was a suit their mother had initiated against a different railroad company for her husband's wrongful death. The suit by the widow ended in a directed verdict for the defendant. The children based their standing to sue on the fact that their mother had failed to sue Hannibal Railroad Co., the defendant they sued, within the statutory period. The predecessor of current Mo.Rev.Stat. § 537.080 then provided the surviving spouse six months to bring an action for wrongful death. If the spouse did not survive the decedent or failed to sue within six months, standing devolved to the minor children. The limitations period was then one year.[2]

█ The question presented the Missouri Supreme Court was whether the widow had appropriated the right to sue for wrongful death. "It is not questioned that she sued, but the claim is advanced that, as she did not sue the right party, she, in law, did not sue, and hence the right devolved upon the children." 80 S.W. at 953. The Court affirmed judgment on the pleadings for defendant Hannibal Co., holding:

[The widow] having brought her suit within the six months, the entire cause of action became hers absolutely and remained in her in her own right, and not as next friend of her children. She had made the election required by the statute by the institution of her suit. . . . Having appropriated the right, she had absolute control of it. Her right of action was against all whose negligence

---

1. The Missouri Supreme Court recently outlined the principles it and lower state courts had developed construing section 537.080:

   (1) The statute provides for one indivisible claim for the death of a person which accrues on the date of death. (2) The claim vests first in the spouse and minor children either jointly or severally. (3) If the deceased left surviving a father or mother the spouse and minor children must exercise their preferred right by filing suit within one year from the date of death. (4) If the spouse and minor children fail to sue within one year the claim passes to and vests in the father and mother or the survivor. (5) If there is no father and/or mother the spouse and minor children have the full two years in which to sue. (6) If there is no spouse or minor children the father and mother may sue at any time within the two year period. (7) The party having the right to enforce the claim has absolute control over it during the period specified and may file suit or settle without suing. (8) There is but one claim for relief and if not enforced by one class during the period specified it passes to another class of beneficiaries. (9) When a claim is appropriated by one preferential beneficiary it completely terminates all rights of any others mentioned in the statute with the exception that if the person so appropriating dies during the limitation period without having completed enforcement the next alternative claimant may file suit within the two year limitation period, and (10) unless a tolling situation exists the suit must be filed within two years from date of death.

   *State ex rel. Kansas City Stock Yards Co. v. Clark*, 536 S.W.2d 142, 145 (Mo.1976) (en banc).

2. The Missouri Supreme Court has indicated that judicial construction of the predecessor of Mo.Rev.Stat. 537.080 is relevant authority in interpreting the current statute. *State ex rel. Kansas City Stock Yards Co. v. Clark*, 536 S.W.2d 142 (Mo.1976) (en banc).

caused the death of her husband. Having plenary control of the action, she was at liberty to sue them all jointly, or as many as she saw fit. It is true, there could be but one satisfaction, but until satisfaction all the negligent parties were liable, at her election. Counsel for the plaintiffs assume, however, that the Rock Island was not the wrongdoer, and the Hannibal Company was, and therefore she did not appropriate the action against the latter, because she did not sue it within the six months. But this assumption rests only in the opinion of counsel for plaintiffs. The widow, in whom the right was vested, determined that the Rock Island Company was the wrongdoer condemned by the statute; and the mere fact that her suit against that company was ineffectual cannot fix the liability of the Hannibal Company, which was not a party to that suit . . . .

80 S.W. at 953–54. Institution of suit, not its successful or even minimally competent prosecution, appropriates the cause of action.[3] Accord, *Huss v. Bohrer*, 317 Mo. 204, 295 S.W. 95 (1927) (widow brought suit within six months, dismissed the suit, brought another after the six-month period but before the one-year statute of limitations ran; held widow fully performed the condition by bringing suit within six months and the cause of action vested in her to the exclusion of her minor children); *Meyer v. Pevely Dairy Co.*, 333 Mo. 1109, 64 S.W.2d 696 (1933) (widow brought suit within six-month period, then amended complaint to add another defendant after six-month period expired but before one-year period of statute of limitations ran; held joinder was proper so long as it occurred before the running of the statute of limitations). See, also, *Cummins v. Kansas City Public Service Co.*, 334 Mo. 672, 66 S.W.2d 920 (1933).

In the instant case, the limitations period did not run until December 29, 1977. Suit commenced against Rockwell on May 25, 1977, when the amended complaint was filed. Whether plaintiff's amended complaint relates back to the time of filing of her original complaint is immaterial. By commencing suit against Collins Radio Co. within one year of the date of the accident, plaintiff appropriated the action for the wrongful death of Gaetano Bazzano. She then sued Rockwell before the statute of limitations period had run. Once a party appropriates the cause of action for wrongful death, that person has absolute control over it and the provisions of Mo.Rev.Stat. 537.080, which concern standing, are no longer relevant. Therefore, we see no bar to this action.

This Court will give special weight to a trial judge's interpretation of state law in diversity cases. *Melia v. Ford Motor Co.*, 534 F.2d 795, 799 (8th Cir. 1976); *Luster v. Retail Credit Co.*, 575 F.2d 609, 614 (8th Cir. 1978). Nevertheless, we are not bound by a district court's interpretation of state law and must reverse if we find that the district court has not correctly applied local law. *Luke v. American Family Mut. Ins. Co.*, 476 F.2d 1015, 1019 (8th Cir. 1972), aff'd on rehearing en banc, 476 F.2d 1023, *cert. denied*, 414 U.S. 856, 94 S.Ct. 158, 38 L.Ed.2d 105 (1973).

Reversed and remanded.

---

**3.** In two decisions, a Missouri court of appeals has held that a wrongful death action is not appropriated if the plaintiff with knowledge or negligence sues in a court lacking jurisdiction over the claim because of improper venue. *Krueger v. Walters*, 238 Mo.App. 340, 179 S.W.2d 615 (1944); *Ellmaker v. Goodyear Tire & Rubber Co.*, 372 S.W.2d 650 (Mo.Ct.App. 1963). Assuming the validity of these decisions, we find the exception they carve from the general rule that initiation of suit appropriates the action inapposite. No claim is made that venue in the District Court was improper nor can it reasonably be claimed that plaintiff sued a straw party merely to appropriate the action.