Ramona B. HOLDEN, Plaintiff,

v.

R. J. REYNOLDS INDUSTRIES, INC., Defendant.

No. C–76–176(a)–WS.

United States District Court,
M. D. North Carolina,
Winston-Salem Division.

April 9, 1979.

J. LeVonne Chambers, of Chambers, Stein, Ferguson & Becton, Charlotte, N. C., for plaintiff.

Charles Vance, Andrew Copenhaver and David A. Irvin, of Womble, Carlyle, Sandridge & Rice, Winston-Salem, N. C., for defendant.

## MEMORANDUM ORDER

HIRAM H. WARD, District Judge.

Plaintiff has moved to add and substitute R. J. Reynolds Tobacco Co. (Tobacco) as the party-defendant and to amend her original complaint and file a supplemental complaint. Before discussing her motion, the Court will give a brief history of this and a related action.

Plaintiff, along with others, originally filed an action on December 15, 1975, in *Garrett v. Industries*, C–75–539–WS. (Tobacco is a subsidiary of R. J. Reynolds Industries (Industries).) Their complaint alleged class-based race and sex discrimination in violation of 42 U.S.C. § 2000e et seq. (Title VII) and 42 U.S.C. § 1981. However, Garrett had not timely filed his Title VII claim, and the other plaintiffs had not yet exhausted their administrative remedies. Therefore, on April 15, 1976, the Court dismissed the Title VII claim from the *Garrett* action, leaving only the Section 1981 allegations. Meanwhile, plaintiff Holden and the other *Garrett* plaintiff (Singletary) filed this action on April 13, 1976, raising the same class-based race and sex discrimination allegations as in *Garrett*.

On May 10, 1976, the *Garrett* plaintiffs moved to add Tobacco as a party as a result of Industries' motion to dismiss based on the fact that plaintiff Holden was employed by Tobacco, a separate entity, rather than by it.

On December 27, 1978, the Court issued a Memorandum Opinion (*Garrett v. Industries*, 81 F.R.D. 25 (M.D.N.C.1978)) denying class certification in both actions. Because of that decision, and also because of the different factual predicates between the individual claims, the Court further realigned the parties. *Garrett* then only involved Section 1981 claims, whereas the complaint in *Holden* alleged not only race but also sex discrimination. Consequently, the Court dismissed plaintiffs Holden and Singletary from the *Garrett* action and allowed them to proceed with their race and sex claims in *Holden*. In addition, because plaintiff Holden was an employee of Tobacco but plaintiff Singletary raised complaints concerning her employment with Industries, the Court further separated those two lawsuits so that they could proceed each on their individual claims.

In considering the *Garrett* case, the Court also ruled on the plaintiffs' motion to add Tobacco as a party. It noted that only plaintiff Holden was an employee of Tobacco. Therefore, because the Court, as discussed above, ultimately dismissed plaintiff Holden from the *Garrett* action, it denied the motion to add Tobacco as a party in *Garrett*. However, it specifically stated that this would be without prejudice to plaintiff Holden's moving to add and substitute Tobacco as a party in the *Holden* action. When the Court, in its Memorandum Opinion, considered *Holden*, it granted defendant Industries' motion for summary judgment as to plaintiff Holden. The reason for this was, of course, that plaintiff Holden was in fact discharged by Tobacco, not Industries. In realigning the parties, the Court sought to make clear that it would not permit its decision to work any hardship on the plaintiffs. Therefore, it stated: "As to both plaintiffs Holden and Singletary, this ruling shall not be construed as depriving them of any extension of the limitation period to which they would be entitled as former plaintiffs in *Garrett v. Industries*." (*Garrett v. Industries, supra,* at 51.)

The crucial facts concerning plaintiff's motion to add and substitute Tobacco as a party appear as follows. Tobacco discharged plaintiff on July 7, 1975. Plaintiff Holden filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC). The EEOC, however, notified Tobacco of the charge even though plaintiff had named Industries as the respondent. On January 17, 1976, plaintiff received her right-to-sue letter. The EEOC again notified Tobacco. Nevertheless, plaintiff Holden instituted this action on April 13, 1976, against Industries. On April 21, 1976, after the 90-day period for filing a Title VII action had expired, service was made on Industries. On May 28, 1976, defendant Industries moved to dismiss as to plaintiff Holden, on the grounds that she was employed by Tobacco. An attached affidavit from Tobacco's personnel manager indicated that plaintiff Holden was a member of his department and acknowledged Tobacco's receipt of the EEOC charge and right-to-sue letter. Nevertheless, plaintiff never made a motion to add Tobacco as a party to the *Holden* action until January 13, 1979. By then, even the statute of limitations as to the 42 U.S.C. § 1981 claim had expired (*i. e.,* it ended July 8, 1978).

The question immediately before the Court is whether it should grant plaintiff's motion to add and substitute Tobacco as a party with respect to either or both of plaintiff's requests for relief under Title VII or under Section 1981. A motion to add a party is governed by Rules 21 and 15(c), F.R.Civ.P. Rule 21 requires plaintiff to obtain leave of court when seeking to add a party. *Age of Majority Educational Corp. v. Preller*, 512 F.2d 1241 (4th Cir. 1975). However, Rule 15(c) determines whether an amendment to the complaint which adds a party will relate back to the original filing of the complaint. If the amendment does not relate back because the party to be added would clearly have a defense based on the statute of limitations, there is no reason for the Court to grant plaintiff's motion. *Vinson v. Richmond Police Department*, 567 F.2d 263 (4th Cir. 1977), *rev'd on other grounds*, 438 U.S. 903, 98 S.Ct. 3120, 57 L.Ed.2d 1145 (1978).

By its terms, Rule 15(c) permits a pleading to be amended and a party added if the claim against the new party arose out of the conduct, transaction or occurrence set forth in the original complaint. It further provides:

An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

■ Here the party to be added concedes, as it must, that the same acts of discrimination are alleged against it as are alleged in the original complaint. Thus, the only issue remaining for the Court to decide is whether Tobacco had sufficient notice of the institution of this action, and whether it knew or should have known that, but for the mistake, the action would have been brought against it. Tobacco argues that plaintiff in fact made no mistake in originally naming Industries as a defendant, but made a deliberate choice. However, the test is not whether *plaintiff* knew of the mistake, but whether *defendant* had such knowledge. The language in Rule 15(c) does not specifically address the problem of a lackadaisical plaintiff. Rather it seeks to protect the party to be added by focusing on the knowledge of, and prejudice to, that party.[1]

1. This proposition does not mean that the Court would ignore the fact that a plaintiff has deliberately delayed, for a substantial period of time, the adding of a party. When the requirements of Rule 15(c) are otherwise met and the party to be added has notice of the institution of the action within the limitations period, then a plaintiff's deliberate choice in not adding the party until after the limitations period expires, along with the prejudice to that party, becomes relevant. *Russ v. Ratliff,* 578 F.2d 221 (8th Cir. 1978). We need not consider the effect of plaintiff's deliberate naming of Industries, and not Tobacco, in regard to the Title VII claim because, as will be evident later, the requirements of Rule 15(c) were never met as to Tobacco. Also, plaintiff's deliberate choice is irrelevant as to the Section 1981 claim since she in fact moved to add Tobacco as a party (in the *Garrett* action) well before the limitations period expired.

*But see Ingram v. Kumar,* 585 F.2d 566 (2d Cir. 1978). There, in a medical malpractice case, the doctor, after treating the patient in Illinois, moved to New York. Consulting the New York State Medical Directory, the plaintiff listed the defendant as Vijaya N. Kumar. Approximately one and one-half years after instituting the action and four months after the statute of limitations had run, plaintiff served the treating physician, Vijay S. Kumar, who was not listed in the directory. The court approved the substitution.

Acknowledging that no court had so construed Rule 15(c), the court eschewed a literal reading of the rule. Instead, it held that service was timely on the treating physician even though he had no prior knowledge of the institution of the action but received service after the limitations period had expired. The court reasoned that if the plaintiff had not incorrectly named and served the original defendant, she could have correctly named the treating physician but delayed service for four months after the limitations period expired, yet still have complied with Rule 4(a), F.R.Civ.P., and timely commenced the action. It is unclear whether the court was holding that delayed service one and one-half years after commencement of the action satisfied Rule 4(a), or whether, in applying Rule 15(c), the relevant time for Rule 4(a) purposes is the end of the statute of limitations. Neither did the court indicate the extent of the "misnomer" which it would accept in applying this construction. In that case the spelling error was obviously minor and the plaintiff had clearly intended all along to sue the treating physician. Although diligent in her efforts, she missed the mark because the state medical directory did not list the treating physician.

In the instant case, plaintiff's "misnomer" resulted from an effort to make her claim consistent with that of her fellow plaintiffs. She unquestionably knew Tobacco was her employer because the E.E.O.C. charge and her right-to-sue letter were directed at Tobacco. Nevertheless, she instituted this action against Industries. Thus, even if this Court would begin to evaluate the knowledge of the plaintiff rather than that of the defendant in deciding Rule 15(c) questions, this case presents a less appealing mistake by the plaintiff than does *Ingram.*

However, the Court sees serious problems with the *Ingram* rationale. Stretched to its limit, the decision would establish a rule that a party could be added at any time, regardless of

■ In arguing that Tobacco knew of the mistake, plaintiff cites cases involving a "misnomer." That situation arises where a party is timely served but misdescribed. *See* 6 Wright & Miller, *Federal Practice and Procedure* § 1498 at 513 (1971). The cases cited in the treatise most often involve a misspelling or omission in a corporate name. The case relied upon by plaintiff, *Pittman v. Anaconda Wire and Cable Co.*, 408 F.Supp. 286 (E.D.N.C.1976), is not helpful. There, the court permitted the defendant's name to be restated where plaintiff had named and served the company's corporate division which was not a legal entity with capacity to be sued. It noted that the result could be different if there were two legally distinct corporate entities. Here there was no "misnomer" in the sense that Tobacco was misdescribed. It is an entirely separate legal entity from Industries. To term the naming of Industries in this suit a "misnomer" would destroy the purpose of Rule 15(c). The use of a "misnomer" analysis is only helpful when the provisions of Rule 15(c) have been otherwise satisfied. *Ingram v. Kumar*, 585 F.2d 566, 570 (2d Cir. 1978). If a party has been timely served but misdescribed, the mere correction of the name at a later date does not change the party, and thus there is no need to consult Rule 15(c).

■ In instances involving "changing the party" (Rule 15(c)), the pertinent analysis looks to the identity of interest between the named party and the one to be added to determine whether the latter knew of the mistake. In the instant case, the Court finds that Tobacco should have known of its connection with this lawsuit because of the identity of interest between it and Industries. As stated in 6 Wright & Miller, *Federal Practice and Procedure* § 1499 at 517–20 (1971):

> Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other. As is true of other aspects of Rule 15(c), the objective is to avoid the application of the statute of limitations when no prejudice would result to the party sought to be added by the amendment. . . .
>
> The relationship needed to satisfy the identity of interests test exists between a parent and a wholly-owned subsidiary or between related corporations whose officers, directors, or shareholders are substantially identical and who may have similar names or conduct their business from the same offices. . . .
>
> Typically, the intended defendant receives notice of the action and is aware of plaintiff's mistake because service is made on one of its agents, who may or may not also be an agent for the named defendant. . . .

In this case, each of the important elements identified in the treatise are extant. Tobacco is the subsidiary of Industries. In addition, Industries has utilized the management and employee personnel at Tobacco to staff its own positions. Moreover, the particular facts of this case further identify the closeness between the corporations. Here, Holden was initially employed in a temporary position with Industries but then switched to a permanent position with Tobacco. The general identity of interests

his prior knowledge "within the period provided by law for commencing the action against him . . . of the institution of the action . . . .," Rule 15(c), so long as he was served within a reasonable time after the limitations period expired. Such a construction, while permitting a court to do equity in cases appealing to it, would concomitantly erode the efficacy inherent in establishing fixed periods within which to bring actions. Would it, for example, sanction the use of a complaint naming "John Doe" as defendant in order to gain time within which to find the true defendant? This Court

agrees with *Sassi v. Breier*, 584 F.2d 234, 235 (7th Cir. 1978), which rejected such an approach as "an unwarranted impact upon the salutary purposes of statutes of limitations." As stated previously, the exclusive focus in *Ingram* is on plaintiff's motives and knowledge, whereas Rule 15(c) clearly states that the defendant's knowledge of the institution of the action is determinative. In view of the great potential for abuse in the *Ingram* rationale, this Court will use the plain meaning of the words set out in Rule 15(c) as its guide.

between the corporations clearly fits within the guidelines set by the treatise, and the particular facts of this case leave no room for argument as to their closeness.

■ Thus, the one, and only substantial, question presented here is whether Tobacco received notice of the institution of the litigation[2] against Industries within the statute of limitations. As stated in 6 Wright & Miller, *Federal Practice and Procedure* § 1498 at 119 (Supp.1978):

In order for an amendment adding a party to relate back under Rule 15(c) the party to be added must have received notice of the action before the statute of limitations has run. Otherwise, the deprivation of the new party's right to invoke a statute of limitations defense might raise a question of procedural due process.

The venerable opinion of *Martz v. Miller Brothers Company*, 244 F.Supp. 246 (D.Del. 1965), succinctly demonstrates the operation of the rule. There, the court found an almost complete identity between two parties. The plaintiff had filed a complaint naming Miller Brothers Company as defendant, whereas he needed to sue Miller Brothers Company of Newark. Both stores had the same officers, with the exception of their secretaries and used joint advertising and telephone listings. Notwithstanding the near complete identity between the two corporations, the court held that plaintiff had not complied with Rule 15(c), even though he served a joint agent of the companies, because he did so three days after the expiration of the statute of limitations. *See also Bazzano v. Rockwell International Corp.*, 439 F.Supp. 1167 (E.D.Mo.1977), *rev'd on other grounds*, 579 F.2d 465 (8th Cir. 1978), and cases cited therein.

The fact that Title VII only provides for a 90-day limitation period provides no basis for altering this application of Rule 15(c).[3] This Court has so held in another Title VII action, *Dempsey v. The Shoe Show, Inc.*, C–77–302–WS (M.D.N.C. Oct. 17, 1978)— (unpublished), as have other courts. *See Archuleta v. Duffy's, Inc.*, 471 F.2d 33 (10th Cir. 1973); *Marlowe v. Fisher Body*, 489 F.2d 1057 (6th Cir. 1973); *Dixon v. Universal Atlas Cement Division*, 437 F.Supp. 1071 (W.D.Pa.1977); and also *Shelley v. Bayou Metals*, 561 F.2d 1209 (5th Cir. 1977)—(Title VII and 42 U.S.C. § 1981). *See also Carr v. Veterans Administration*, 522 F.2d 1355 (5th Cir. 1975)—(action dismissed where plaintiff erroneously named the Veterans Administration instead of the United States, as the Federal Tort Claim Act defendant, within the six-month limitation period but did not serve the United States until one day after that period expired).

■ In the instant case, plaintiff served an agent of Industries on April 21, five days after the running of the 90-day limitation period.[4] Irrespective of whether that person was an agent of both Industries and Tobacco, the service on him was made beyond the running of the statute of limitations, and therefore plaintiff may not employ Rule 15(c) to relate a complaint naming Tobacco as a party back to a time before the statute had run, at least as to her Title VII claim. Tobacco did not have notice of the Title VII claim until after the limitation period expired. Nor does plaintiff's suggestion that she seeks to add Tobacco as a party under Rules 17 or 19 change the result. First, the Court would have serious reservations in holding that they could override the more specific provi-

---

**2.** The crucial fact is not when the party to be added had notice of the incident, but when it had notice of the lawsuit. 3 *Moore's Federal Practice* ¶ 15.15[4.–2] (1978); *Archuleta v. Duffy's, Inc.*, 471 F.2d 33 (10th Cir. 1973)—(Title VII action); *Simmons v. Fenton*, 480 F.2d 133 (7th Cir. 1973); *Stephens v. Balkamp, Inc.*, 70 F.R.D. 49 (E.D.Tenn.1975).

**3.** The real problem lies not in the application of Rule 15(c), but in the tardy filing of the Title

VII action and consequent late service of process.

**4.** Receipt of the right-to-sue letter on January 17, 1976, activated the 90-day limitation period provided in 42 U.S.C. § 2000e–5(f)(1). *Lynn v. Western Gillette, Inc.*, 564 F.2d 1282 (9th Cir. 1977)—(citing *Garner v. E. I. DuPont DeNemours & Co.*, 538 F.2d 611 (4th Cir. 1976). That period ended on April 16, 1976.

sions of Rules 21 and 15(c).[5] More importantly, even if such a construction were placed on Rules 17 and 19, plaintiff has cited no authority nor explained to the Court how it could so employ them without violating Tobacco's right to procedural due process.

■■ Plaintiff's claim under 42 U.S.C. § 1981, however, requires a different result. Defendant Tobacco unquestionably had notice of the institution of the *Holden* action within a few days after the suit was filed and within the limitations period. Furthermore, based on the affidavit of Tobacco's personnel manager, Tobacco undeniably knew that, but for the mistake of plaintiff in naming Industries as her employer, she would have brought the suit against it. Tobacco does not and cannot dispute that, in the *Garrett* action, plaintiff actually sought to add it as a party before the Section 1981 statute of limitations had expired. Its contention that plaintiff erred by not requesting a substitution of Tobacco for Industries but rather requesting a permissive joinder of Tobacco along with Industries amounts to nothing more than a quibble with words.[6] In the remainder of its argument, Tobacco attempts to persuade the Court that it did not know it should have been a party in *Holden* because plaintiff made no motion to join Tobacco in *Holden* before the statute of limitations had expired. This contention

will not delay the Court long inasmuch as it has already ruled that it would not permit plaintiff to be prejudiced by the rulings which dismissed plaintiff Holden from the *Garrett* action, denied her motion to add Tobacco, and relegated her claims instead to the *Holden* action. The Court could have as well permitted plaintiff Holden to pursue her Section 1981 claim in the *Garrett* action had it so desired. However, in the interest of judicial economy, it dismissed plaintiff Holden from that action but permitted her to continue her Section 1981 claim by proceeding with the *Holden* action, which involved both Section 1981 and Title VII claims. This Court could not properly dismiss plaintiff Holden's Section 1981 claims now when the sole basis for that dismissal would rest on its ruling made in the interest of a fair and efficient litigation of plaintiff's claims. By this ruling, Tobacco will not lose any limitations defense which it has in regard to the Section 1981 action, because in fact it has none. Tobacco has cited no cognizable prejudice which would persuade the Court otherwise.

IT IS THEREFORE ORDERED that plaintiff's motion to add and substitute Tobacco as a party defendant in this litigation be, and the same hereby is, granted.

IT IS FURTHER ORDERED that within 20 days from the date of this Order plaintiff may file an amended and substituted

---

5. Rule 17(a), F.R.Civ.P., is often employed with Rule 15(c) to substitute a real party-in-interest *plaintiff,* which has been the main purpose of Rule 17. 3A *Moore's Federal Practice* ¶¶ 17.07, 17.15–1 (1978). Even then the more specific provisions of Rule 15(c) are utilized in deciding whether to permit the substitution. *Unilever (Raw Materials) LTD. v. M/T Stolt Boel,* 77 F.R.D. 384 (S.D.N.Y.1977).

6. The distinction which Tobacco makes might be relevant in another situation. For example, where a plaintiff files suit against a defendant and then seeks to add another defendant who may be equally liable, courts have ruled that the added defendant, even if he has knowledge of the original complaint, would not necessarily know that plaintiff had made a mistake in not naming him. *Gridley v. Cunningham,* 550 F.2d 551 (8th Cir. 1977); *King & King Enterprises v. Champlin Petroleum Co.,* 446 F.Supp. 906 (E.D. Okl.1978). This situation is different from that where a plaintiff sues the wrong party. There

the party to be added likely knows that a *mistake* was made. However, when the plaintiff merely sues one joint tort-feasor or obligor, the missing party is under no duty to speculate as to the reason plaintiff has not pursued him. Of course, if the joint tort-feasor or obligor knows of the action in accordance with Rule 15(c), and if he has been put on notice of his likely involvement in the action by sufficient use of an alias identification in the caption and body of the complaint, he can be added and the relation-back provision of Rule 15(c) will apply. *Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171 (3d Cir. 1977). In the instant case, there is no doubt that Tobacco knew of its involvement in the Section 1981 action prior to the running of the limitations period. The fact that plaintiff was pursuing a theory by which she sought to hold both Industries and Tobacco liable does not alter Tobacco's knowledge of the mistake as to it.

complaint stating her allegations against Tobacco which arise under 42 U.S.C. § 1981. Defendant shall have twenty (20) days in which to answer.