Joseph **TRETTER**, Plaintiff,

v.

**JOHNS–MANVILLE CORP. et al.**, Defendants.

No. 78–925C(2).

United States District Court, E. D. Missouri, E. D.

Nov. 17, 1980.

Leo M. Newman, Harry J. Nicholas, St. Louis, Mo., for Local.

Sandor Korein, East St. Louis, Ill., for plaintiff.

Donald L. James, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, Mo., for Glen Alden and Rapid American.

William W. Evans, Evans & Dixon, St. Louis, Mo., for Johns–Manville Sales Corp.

Bernard C. Brinker, Carter, Brinker, Doyen & Kovacs, St. Louis, Mo., for Cleotex Corporation, Inc.

## MEMORANDUM

NANGLE, District Judge.

This suit is now before the Court on motions for summary judgment filed by plaintiff and defendant Johns–Manville Sales Corporation ("Sales"). The motion of Sales will be dealt with first. The undisputed facts, as relevant to this motion, are as follows:

▪ Plaintiff brought this suit pursuant to 28 U.S.C. § 1332 alleging that his exposure over the years to products manufactured and/or sold by defendants caused him to contract asbestosis. In his complaint, plaintiff alleges that he first became aware of his condition on or about March 26, 1971.

This case having been brought via diversity, the substantive law of the forum applies. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Missouri has adopted the "most significant contacts" approach to conflicts of laws, *Kennedy v. Dixon*, 439 S.W.2d 173 (Mo. banc 1969), and Missouri having the most significant contacts with this litigation, its statute of limitations pertaining to personal injuries is applicable. See Order of October 27, 1978. That statute, § 516.120(4), R.S.Mo. (1969), sets a five year statute of limitations. Plaintiff was required to file suit by March 26, 1976 to preserve his cause of action.

Plaintiff initially met this requirement by filing suit on February 3, 1976. *Tretter v. Johns–Manville Corp. et al.*, No. 76–86 C(1) (E.D.Mo.). That suit was voluntarily dismissed without prejudice by plaintiff with leave of Court on September 6, 1977. § 516.230, R.S.Mo. (1969) provides that a plaintiff who takes a nonsuit shall have one year from the date of the dismissal to bring a new action. On September 5, 1978, just one day prior to the running of the statute of limitations as extended by § 516.230, the instant suit was filed. Originally named as defendants were Johns–Manville Corporation ("Johns–Manville"), Johns–Manville Products Corporation ("Products") and Glen Alden and/or Rapid American, Successor Corporations to Philip Carey Corporation ("Glen Alden").

Plaintiff was unsuccessful in obtaining service of process on Johns–Manville or Products. Unsuccessful service was attempted on September 13 and September 22, 1978, and the Marshal returned the summonses non–est on September 25, 1978. On November 1, 1978, plaintiff by leave of Court amended his complaint to add Sales as a party defendant, and Sales was served on November 6, 1978. Plaintiff subsequently dismissed Johns–Manville as a defendant on March 29, 1978, having never obtained service thereon. Though plaintiff has never formally dismissed Products as a defendant herein, that corporation is no longer in existence, having been merged into Sales on

December 31, 1975, and service was never obtained thereon.[1]

Against this background of facts, Sales claims that plaintiff's suit as to it is untimely, Sales not having been named as a defendant or served until approximately fourteen months after the earlier nonsuit. Plaintiff, on the other hand, claims that the addition of Sales as a defendant relates back to the date this suit was filed, September 5, 1978, pursuant to Rule 15(c), Federal Rules of Civil Procedure.

Rule 15(c) provides, in pertinent part, as follows:

> (c) RELATION BACK OF AMENDMENTS. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The cases have made clear that an amendment changing or adding parties must meet several requirements before it will be held to relate back to the date of the filing of the initial complaint. Only one of these requirements is relevant at present, for Sales does not claim that the others are not satisfied. In order for the amendment to relate back in this case, Sales must have, "within the period provided by law for commencing the action," received "notice of the institution of the action." Rule 15(c); *Craig v. United States*, 413 F.2d 854 (9th Cir.) cert. denied 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969); *Archuleta v. Duffy's Inc.*, 471 F.2d 33 (10th Cir. 1973); *Simmons v. Fenton*, 480 F.2d 133 (7th Cir. 1973); *Bazzano v. Rockwell Intern. Corp.*, 439 F.Supp. 1167 (E.D.Mo.1977), rev'd on other grounds, 579 F.2d 465 (8th Cir. 1978); *Holden v. R. J. Reynolds Industries*, 82 F.R.D. 157 (M.D.N.C.1979).

■ Though the notice need not necessarily have been formal, defendant must have heard of the filing of the lawsuit. "One cannot have notice that a suit has been brought against him until he hears of it." *Martz v. Miller Bros. Co.*, 244 F.Supp. 246, 254 (D.Del.1965). The notice Sales must have received is notice that the instant action was filed; notice of the underlying claim is not sufficient. *Craig*, supra; *Bazzano*, supra; *Archuleta*, supra. That Sales was aware of and participated in the prior lawsuit is therefore irrelevant for present purposes. "[N]otice of institution of the action" means just what it says. "A lawsuit is instituted, an incident is not." *Craig*, supra at 858.

Construing the facts most favorably to plaintiff, the earliest that Sales might have been aware of the filing of the instant suit is when service was attempted on Johns–Manville and Products on September 13, 1978.[2] Even this date, however, is beyond the applicable limitations period.

The question, then, is what is meant by "within the period provided by law for commencing the action." The majority of courts which have dealt with this issue have held the defendant must have received notice prior to the expiration of the limitations period. *Craig*, supra; *Archuleta*, supra; *Simmons*, supra; *Bazzano*, supra; *Martz*, supra. Several courts, however, have held that the period in which notice must be received includes the reasonable

---

1. Sales and Glen Alden subsequently filed cross–claims against each other. Glen Alden also filed a third–party complaint against Celotex Corporation and Sales subsequently filed a cross–claim against that defendant.

2. Sales claims to have received no notice of this action until service upon it on November 6, 1978. For purposes of this motion, this dispute need not be resolved.

time allowed under the federal rules for service of process. *Ingram v. Kumar*, 585 F.2d 566 (1978), cert. denied 440 U.S. 940, 99 S.Ct. 1289, 59 L.Ed.2d 499 (1979); *Mitchell v. Hendricks*, 68 F.R.D. 564 (E.D.Pa.1975); *Ratcliffe v. Insurance Co. of N. America*, 482 F.Supp. 759 (E.D.Pa.1980); *Davis v. Krauss*, 478 F.Supp. 823 (E.D.N.Y.1979).

■ This Court must agree with the majority view that notice must be received within the limitations period. The plain language of Rule 15(c) commands such a result. The rule requires notice within the time provided by law for the commencement of the action. An action is "commenced" when suit is filed, not when the defendant is served. See Rule 3, Federal Rules of Civil Procedure. It cannot be gainsaid that the time within which suit must be filed is the limitations period. It is clear, therefore, that the period referred to in Rule 15(c) is the limitations period. The rule does not say that notice must be received within the period provided by law for service on the defendant. To adopt plaintiff's interpretation would be to rewrite the rule to so read.

As the minority view points out, this conclusion puts the added defendant in a more advantageous position than an original defendant. Suit is timely as to a defendant named in the original complaint even though that defendant might not receive notice of the suit until after the limitations period had run. *Hennis v. Tucker*, 447 S.W.2d 580 (Mo.App.1969); *Want v. Leve*, 574 S.W.2d 700 (Mo.App.1978); *Bergstreser v. Mitchell*, 448 F.Supp. 10 (E.D.Mo.1977). As to the defendant added by amendment, however, actual notice must be received within the limitations period. This Court does not agree that such a result is necessarily anomalous or unfair.

First of all, the original defendant and additional defendant are also treated differently with respect to their belief that they were meant to be sued. As to an original defendant, the defendant's belief that he was meant to be sued is irrelevant; defendant might believe someone else to be totally responsible for plaintiff's injuries.[3] As to the additional defendant, however, the complaint does not relate back unless the defendant knew or should have known that, but for a mistake, he would have been named as a defendant. See Rule 15(c).

Secondly, plaintiff herein filed this suit only one day prior to the running of the statute of limitations. When filing this close to the deadline, the margin for error is slight. It is axiomatic that when the margin for error is slight, a slight error can be costly. What was said in *Bazzano*, supra at 1172, is equally true here: "It is true that plaintiff narrowly missed the mark in her action against Rockwell, but a statutory limitations period is not an approximate standard."

■ A court always applies the statute of limitations with some reluctance. Yet, defendant herein is entitled to the protection of the statute of limitations just as is anyone else. Twisting the language of Rule 15(c) in an attempt to do equity in a particular case is uncalled for. To do so, ". . . would concomitantly erode the efficacy inherent in establishing fixed periods within which to bring actions." *Holden*, supra at 161 n.1. Defendant Sales' motion for summary judgment will therefore be granted and plaintiff's complaint will be dismissed as to it. Since Sales cannot be liable to plaintiff, Sales' cross–claims against Glen Alden and Celotex Corporation, which are premised on such liability, will also be dismissed.

Plaintiff's motion for summary judgment, which will be considered with respect to the remaining defendants and the third party defendant, seeks a ruling that as a matter of law asbestos is a defective and unreasonably dangerous product. Plaintiff claims that defendants should be precluded and collaterally estopped from relitigating

---

**3.** Such is the case with respect to Glen Alden in this suit. Plaintiff sued Glen Alden as the successor to the Philip Carey Corporation. Glen Alden, however, asserts that Celotex Corporation is in fact the successor to the Philip Carey Corporation, and brought a third–party complaint to that effect.

these issues since they were parties to prior lawsuits in which these issues were raised and judgments were rendered against them. Motions identical to plaintiff's motion have been granted in cases involving these issues. See, *Flatt v. Johns–Manville Sales Corp.*, 488 F.Supp. 836 (E.D.Tex.1980); *Mooney v. Fibreboard Corp.*, 485 F.Supp. 242 (E.D.Tex. 1980). With all due respect to these opinions, this Court can not agree with the results reached therein.

In the instant case, plaintiff seeks to make "offensive use" of the doctrine of collateral estoppel–he "seeks to foreclose defendant[s] from litigating an issue the defendant[s] [have] previously litigated unsuccessfully in an action with another party." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.4, 99 S.Ct. 645, 649 n.4, 58 L.Ed.2d 552 (1979). In *Parklane Hosiery*, the Supreme Court ruled on the appropriateness of such use.

> We have concluded that the preferable approach for dealing with these problems in the federal courts is not to preclude the use of offensive collateral estoppel, but to grant trial courts broad discretion to determine when it should be applied. The general rule should be that in cases where a plaintiff could easily have joined in the earlier action or where, either for the reasons discussed above or for other reasons, the application of offensive estoppel would be unfair to a defendant, a trial judge should not allow the use of offensive collateral estoppel. (footnotes omitted) Id. at 331, 99 S.Ct. at 651.

As one of the "reasons discussed above", the Court had listed at 330, 99 S.Ct. at 651,

> ... Allowing offensive collateral estoppel may also be unfair to a defendant if the judgment relied upon as a basis for the estoppel is itself inconsistent with one or more previous judgments in favor of the defendant. (footnote omitted)

That very situation is present in the instant case.

Though plaintiff points to several cases in which a finding that asbestos was unreasonably dangerous was necessarily included within a jury verdict, defendants

likewise can point to cases in which the jury found in favor of the defendant. Under these circumstances, this Court does not believe it would be appropriate to apply collateral estoppel. *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713 (Mo. banc 1979). *Parklane Hosiery*, supra.

Finally, plaintiff seeks to exclude all evidence of the "state of the arts" as irrelevant to the issues in this case. In his complaint, plaintiff alleges that the products distributed by defendants were defective and unreasonably dangerous due to, among other things, defendants' failure "to give adequate warning of the known or knowable dangers to users of their asbestos base products." The extent of defendant knowledge, which is closely interrelated with the state of the art, is obviously relevant on this point. *Borel v. Fibreboard*, 439 F.2d 1076, 1088 (5th Cir. 1973), cert. denied, 419 U.S. 869, 95 S.Ct. 127, 42 L.Ed.2d 107 (1974).

Plaintiff's motion for summary judgment will therefore be denied.